Opinion by
Mr. Justice Kelley.
Stauss, plaintiff below, recovered a district court judgment for damages on a claim arising out of the breach of a contract for the sale of a restaurant and bar (Chez Ami) to Ochsner and Aegerter, defendants below. Ochner and Aegerter (purchasers) are here on a writ of error seeking to reverse the judgment of $11,974.07 awarded to Stauss by the trial court.
Under our procedure, R.C.P. Colo. 111(f), the grounds upon which a party relies in seeking a reversal of the judgment of the trial court are required to be set forth in the summary of argument in his brief. Purchasers, in their brief, assert error in two rhetorical questions. The first:
“I. Can the non-performing seller under contract of purchase providing forfeiture in the event of default recover damages equal to or in excess of specific performance?”
The state of the record is such that we cannot determine whether the premise on which the alleged error is predicated is true. This stems from the fact that at the commencement of the trial the parties stipulated that *168 $32,946.93 had. been paid by the purchasers to either creditors of Chez Ami or the owners of the stock in the corporation (which owned Chez Ami) after the purchasers went into possession. The court, in both instances, gave the purchasers credit against the balance due under the contract of purchase.
The first alleged error assumes that the amount of damages awarded by the trial court was equal to or in excess of the amount which the seller could have recovered had the relief sought by the purchasers and awarded by the court been the specific performance of the contract.
For the purpose of this discussion only, we assume that specific performance would be an additional proper remedy available to the plaintiff.
The contract price was $55,000; $10,000 was paid directly to the seller, so we must assume that $45,000 represents the amount against which the trial court credited the $32,946.93. This left a balance of $12,053.07. The trial court held that since the amount was “not a liquidated sum until reduced to judgment,” no interest was included in arriving at the judgment. There is a discrepancy, in favor of the purchasers, of $79 between the judgment ($11,974.07) and the balance due the seller after crediting the stipulated amount to the sale price.
A careful study of the record discloses that neither the testimony nor the exhibits contain any item or combination of items totaling $79. The court, in its findings of fact, made no specific findings nor computations which explain this discrepancy. The seller did not allege any cross-error challenging the trial court’s arithemetic and, since it appears to favor the plaintiffs in error, whatever error there may have been in this regard is without prejudice to the plaintiffs in error.
We therefore pass on to the second assignment of error. The plaintiffs in error ask:
“II. Are the purchasers under a contract of purchase *169 prevented from purchasing from a third-party owner of an asset because of their agreement with seller, who has not acquired title to that asset?”
The plaintiffs in error, by this assignment, are, in effect, asserting that they were “prevented,” by reason of the lower court’s decision, from acquiring an asset from a third party which the seller was obligated to deliver under the terms of the contract.
The record discloses that the plaintiffs in error, without notice to the defendant in error, made separate deals to acquire the stock in the corporation directly from third parties with whom defendant in error had prior agreements to buy in order to, in turn, transfer the stock to plaintiffs in error.
The record does not disclose in any direct manner the specific items which were used by the parties in arriving at the stipulated sum of $32,946.63. We must assume, therefore, that the amounts paid to the third parties, which were substantial, were included in the computation, and that the plaintiffs in error were given full credit for such expenditures by the court. The acquisition of the outstanding stock by the plaintiffs in error, although not in the contemplation of the parties at the outset nor in conformance with the terms of the contract, was an accomplished fact at the time of the institution of the lawsuit; the court recognized this and allowed the credit. Under these circumstances we conclude that to maintain that the plaintiffs in error were “prevented from purchasing from a third-party owner” fails to recognize reality.
The judgment of the court is based upon findings of fact which are supported by the evidence. The alleged errors are not well taken.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Hodges concur.